# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 30, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PATRICIA BLANKENSHIP,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0192**  (BOR Appeal No. 2046127)
                    (Claim No. 2010119568)

**ARAMARK CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Patricia Blankenship, by John Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Aramark Corporation, by Jeffrey Brannon, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 1, 2012, in which the Board reversed a June 28, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 22, 2010, decision rejecting Ms. Blankenship's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Blankenship alleges that she was injured on January 10, 2010, when she was struck by a thirty pound box while working as a kitchen supervisor at Southwestern Regional Jail. Following the incident, she was treated at Logan Regional Medical Center for a contusion of the left upper extremity. On January 11, 2010, Tonya Mitchell, a nurse at Southwestern Regional Jail, completed an incident report and stated that on January 10, 2010, she was called into the kitchen at the jail, where she found Ms. Blankenship sitting on the floor complaining of left arm

1

pain and lower back pain. Ms. Blankenship told Ms. Mitchell that she had been struck by a falling box, and Ms. Mitchell advised her to go to the emergency room. Justin Norman, a corrections officer, also completed an incident report on January 11, 2010, and stated that on January 10, 2010, he found Ms. Blankenship sitting on the floor with two inmates, and further stated that she reported injuring her arm and back after being struck by a falling box. On January 15, 2010, Ms. Blankenship was examined by Dr. McCleary, who diagnosed her with cervical, lumbar, and right shoulder sprain/strain. In a later treatment note, Dr. McCleary stated that he felt the claim was ill-prepared in the emergency room, and further stated that the emergency room incorrectly documented her complaints as being in the left shoulder when her complaints are actually related to the right shoulder. Dr. McCleary referred Ms. Blankenship to Chiropractor Hill, who reported on January 20, 2010, that she was experiencing neck, lower back, and right shoulder problems after being hit by a falling box while at work on January 10, 2010. On January 22, 2010, the claims administrator rejected the claim. The Office of Judges reversed the claims administrator's decision and held the claim compensable.

In its Order reversing the decision of the Office of Judges and reinstating the claims administrator's January 22, 2010, decision, the Board of Review held that Ms. Blankenship failed to establish that she sustained a personal injury in the course of and resulting from her employment. Ms. Blankenship disputes this finding and asserts that the evidence of record demonstrates that she sustained a work-related injury on January 10, 2010.

The Board of Review reversed the decision of the Office of Judges based on a finding that there are too many discrepancies in the evidence presented to support a finding of compensability. However, the Office of Judges found valid explanations for the inconsistencies present in the record. The Office of Judges found that the statements of Mr. Norman and Ms. Mitchell support Ms. Blankenship's contention that she sustained a work-related injury. Further, the Office of Judges found that the treatment notes of Dr. McCleary and Chiropractor Hill support Ms. Blankenship's position. The Office of Judges noted that Ms. Blankenship initially reported experiencing left arm pain, but found that the fact that her complaints changed to right-sided pain when examined by Dr. McCleary is not wholly inconsistent with the alleged manner of injury. Further, the Office of Judges found that there is no evidence directly disputing Ms. Blankenship's allegation that she was injured by a falling box on January 10, 2010. Therefore, the Office of Judges found that the evidence of record demonstrates that Ms. Blankenship sustained a work-related injury on January 10, 2010, and further found that the claim should be held compensable for cervical, lumbar, and right shoulder/thoracic sprain/strain. We find that the Board of Review's conclusion that Ms. Blankenship did not sustain a personal injury in the course of and as a result of her employment is not supported by the evidence of record.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to reinstate the June 28, 2011, decision of the Office of Judges.

Reversed and remanded.

**ISSUED:   October 30, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Chief Justice Brent D. Benjamin, disqualified